## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

KIMBERLY HEREDIA, as Parent and
Next Friend of A.A.P., a minor child; and
FRANCISCO RUELAS, as Personal
Representative of the Estate of
JUAN ANGEL PINEDO,
deceased,

      Plaintiffs,

      v.                                                            Civ. No. 20-565 SMV/GBW

CITY OF LAS CRUCES; TATE McBride;
MANUEL FRIAS; NATHAN KRAUSE; and
KEEGAN ARBOGAST

      Defendants.

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR VIOLATIONS PURSUANT TO 42 U.S.C. § 1983 AND THE NEW MEXICO TORT CLAIMS ACT, INCLUDING WRONGFUL DEATH**

COMES NOW the Plaintiff Kimberly Heredia, as parent and next of friend to A.A.P., a minor child, and Plaintiff Francisco Ruelas, as Personal Representative for the wrongful death estate of his brother, Juan Angel Pinedo, by and through their counsel of record Law Offices of Dale K. Galipo (by Eric Valenzuela), Caruso Law Offices, PC (by Mark J. Caruso) Warnock, MacKinlay Law (by Anthony J. Ramirez), bring this complaint under Section 1983 of the Civil Rights Act and the New Mexico Tort Claims act to recover damages arising from Defendant' unlawful conduct towards Juan Angels Pinedo on September 27, 2018. In support of this Second Amended Complaint, Plaintiffs state as follows:

### JURISDICTION AND VENUE

Plaintiffs bring this Second Amended Complaint under 42 U.S.C. § 1983 for damages arising from Defendants' deprivation of the civil rights of JUAN ANGEL PINEDO, deceased, and of A.A.P, a minor. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Personal jurisdiction is proper because all parties reside, are employed or have significant contacts in the District of New Mexico. Additionally, Defendants' actions that give rise to the Plaintiffs' claims took place within the District of New Mexico. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b). This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for Plaintiff's claims brought under NMSA 1978, § 41-4-1 through § 41-4-30 of the New Mexico Tort Claims Act.

## PARTIES

1. Plaintiff Kimberly Heredia is the parent and next of friend to A.A.P., Decedent's minor child. At the time of this wrongful death A.A.P., was a resident of Las Cruces, Dona Ana County, New Mexico.

2. Plaintiff Francisco Ruelas is the brother of Juan Angel Pinedo, and has been duly appointed by the Court as the Personal Representative for Estate of Juan Angel Pinedo to investigate and bring claims against those responsible for the wrongful death of his brother. He is a resident of Las Cruces, Dona Ana County, New Mexico.

3. Juan Angel Pinedo ("Decedent") was a resident of the State of New Mexico in the City of Las Cruces, County of Dona Ana, New Mexico at the time of his death.

4. The City of Las Cruces ("City") is a governmental entity/municipality in the State of New Mexico. The City of Las Cruces, and their police department, the Las Cruces Police Department ("LCPD") are a political subdivision of the State of New Mexico.

5. At all times relevant to this matter, Defendant Officers Tate McBride, Manuel Frias, Nathan Krause and Keegan Arbogast were individuals employed by City. On information and belief, Officers McBride, Frias, Krause and Arbogast are residents of Las Cruces, Dona Ana County, New Mexico.

6. Defendant Officers McBride, Frias, Krause and Arbogast are sued in their individual capacity.

PLAINTIFFS' SECOND AMENDED COMPLAINT FOR VIOLATIONS
PURSUANT TO 42 U.S.C. § 1983 AND THE NEW MEXICO TORT
CLAIMS ACT, INCLUDING WRONGFUL DEATH

7. At all times relevant to this matter, Defendant Officers McBride, Frias, Krause and Arbogast are were public employees acting under color of law and in the course and scope of their employment with Defendant City.

## FACTUAL ALLEGATIONS

8. Plaintiffs hereby incorporate paragraphs 1 through 7 of their Second Amended Complaint herein by reference.

9. On September 27, 2018, Decedent was fatally shot by members of the LCPD near the practice baseball fields of Las Cruces High School, causing Decedent serious physical injury and eventually killing him. The shooting occurred at approximately 6:00 p.m., a few hours after school had already let out for the day.

10. Decedent was 32 years old when he was fatally shot by members of the LCPD.

11. Decedent was shot 8 times, including 3 shots to the back.

12. Decedent was unarmed at the time of the shooting and he was not reaching for any type of gun nor was there a gun within reach at the time of the shooting.

13. Decedent was standing still, his visibly empty hands were in the air, in a universal sign of surrender, and he was in the process of going to the ground to surrender when the shooting began.

14. The majority of the gunshots occurred as Decedent was going to the ground or already on the ground. Further, Decedent was shot at with 3 separate AR-15 assault rifles, and by one handgun.

15. Decedent had an outstanding warrant for his arrest and LCPD officers, in conjunction with members of the U.S. Marshalls Office, where searching for Decedent on the day of the shooting.

16. Prior to the shooting, Decedent was seen at an apartment complex near Boutz Road, in Las Cruces.

17. After having run from the apartment complex, there was information that Decedent was seen near the intersection of El Paseo Road and Montana Avenue, in Las Cruces.

3

PLAINTIFFS' SECOND AMENDED COMPLAINT FOR VIOLATIONS
PURSUANT TO 42 U.S.C. § 1983 AND THE NEW MEXICO TORT
CLAIMS ACT, INCLUDING WRONGFUL DEATH

18. Decedent was next seen running near the baseball practice fields at Las Cruces High School.

19. The involved LCPD officers gunned down Decedent while he was near the baseball practice fields.

20. Decedent did not physically injure anyone prior to the shooting, including the involved officers, nor did he attempt to do so.

21. Decedent did not discharge any weapon during the incident, nor did he attempt to do so.

22. Decedent did not verbally threaten anyone during this incident, including the involved officers at any point during this incident.

23. The shooting officers did not give a verbal warning that deadly force would be used before they shot him, despite being feasible to do so.

24. Other than the Decedent, no one else was injured during this incident, including the involved officers.

25. After fatally shooting the unarmed Decedent (including 3 shots to his back), as his visibly empty hands were in the air, indicating his surrender, the involved officers from LCPD provided false statements, and tampered with evidence, in an attempt to justify the shooting of an unarmed individual that was clearly surrendering and going to the ground, or already on the ground when he was shot.

26. On information and belief, LCPD found the officers shooting to be within policy, and they were not disciplined as a result of this incident, despite shooting an unarmed individual, who's empty hands were in the air surrendering, including 3 shots to the back and multiple shots as Decedent was going to the ground or already on the ground.

27. Since Decedent was unarmed, standing still, his empty hands were in the air and he was going to the ground or already on the ground during shooting, Decedent was not an immediate threat of death or serious bodily injury to anyone, including the involved police

PLAINTIFFS' SECOND AMENDED COMPLAINT FOR VIOLATIONS
PURSUANT TO 42 U.S.C. § 1983 AND THE NEW MEXICO TORT
CLAIMS ACT, INCLUDING WRONGFUL DEATH

officers at the time of the shooting. Further, Decedent was not a threat to the safety of anyone at the time of the shooting, including to the involved officers.

28. Decedent was not trying to attack anyone, he was not trying to shoot anyone, he was not reaching for any type of weapon and he was not verbally threatening anyone at the time of the shooting. An individual putting their empty hands in the air near their head and then going down to the ground clearly indicates that the individual is attempting to surrender.

29. There were less than lethal alternatives, such as a taser and pepper spray, that were reasonably available but not utilized by the involved officers before resorting to using deadly force.

30. The involved LCPD officers shot an unarmed man in the back and in the head as he was trying to surrender, including shots as he was going to the ground or already on the ground. The involved officers' use of deadly force was clearly excessive and unreasonable.

31. At all times herein Officers Tate McBride, Manuel Frias, Nathan Krause, and Keegan Arbogast were employees of the City of Las Cruces and the Las Cruces Police Department. All actions alleged herein were done by them in their official capacity as employees of the City of Las Cruces, and the City of Las Cruces is vicariously liable for their actions under the concept of *Respondeat Superior*.

## COUNT I: BATTERY

32. Plaintiffs hereby incorporate paragraphs 1 through 31 of their Second Amended Complaint herein by reference.

33. LCPD officers' actions caused pain and suffering, and ultimately the unlawful death of Decedent, a 32-year-old young man.

34. The City has condoned, and ratified, the culture of officers using excessive force on citizens, often involving citizens who have attempted to flee and are unarmed.

5

PLAINTIFFS' SECOND AMENDED COMPLAINT FOR VIOLATIONS
PURSUANT TO 42 U.S.C. § 1983 AND THE NEW MEXICO TORT
CLAIMS ACT, INCLUDING WRONGFUL DEATH

35. LCPD officers fired fatal shots into the body of Decedent, including 3 to his back, as well as a shot to the top of the head, which is consistent with Decedent lying on the ground and surrendering, at the time of the shooting.

36. The shooting of the unarmed and surrendering Decedent constituted a battery as the officers' use of excessive and deadly force was an unlawful use of force.

37. Decedent was clearly attempting to surrender by putting his visibly empty hands in the air by his head and voluntarily going down to the ground when the shooting occurred, and he was not attempting to harm anyone, including enforcement officers. Decedent did not in fact harm any law enforcement officers or anyone else. He never fired any weapon during this incident and he was not reaching for any weapon at the time of the shooting.

38. Because of the actions of the LCPD officers, Decedent suffered several gunshot wounds, including 3 shots to the back and one to the top of the head, causing pain, suffering, his loss of enjoyment of life and his unlawful death.

39. LCPD officers shot Decedent intentionally while acting in the scope of their duties.

40. The above-described actions by the LCPD shooting officers constitute a battery within the meaning of Section 41-4-12 of the New Mexico Tort Claims Act.

41. The City is responsible to Decedent and his estate under the doctrine of *respondeat superior* for the acts of its employees.

42. The LCPD officers' battery was a direct and proximate cause of Decedent's wrongful death and damages, including loss of the value of his life and the enjoyment of life, and pain and suffering.

## COUNT II: NEGLIGENCE CAUSING BATTERY

43. Plaintiffs hereby incorporate paragraphs 1 through 42 of their Second Amended Complaint herein by reference.

6

PLAINTIFFS' SECOND AMENDED COMPLAINT FOR VIOLATIONS PURSUANT TO 42 U.S.C. § 1983 AND THE NEW MEXICO TORT CLAIMS ACT, INCLUDING WRONGFUL DEATH

44. Following several police shootings of by Defendant City, by and through LCPD, Defendant City has failed to adopt any meaningful strategy to protect the safety and well-being of those living in Dona Ana County, including individuals who attempt to run from the police.

45. The involved LCPD officers were negligent in their actions including their pre-shooting tactics, including in their pursuit of Decedent and in apprehending him while he was attempting to surrender with his visibly empty hands up near his head, and while he was going down to the ground or already on the ground, clearly indicating his surrender.

46. The involved officers were negligent in not recognizing or failing to recognize, that an individual putting their empty hands in the air near their head and then going down to the ground clearly indicates that the individual is attempting to surrender.

47. The actions and inactions of the Defendants were negligent including but not limited to, the failure to properly and adequately train employees, including Officers McBride, Frias, Krause and Arbogast, with regards to the use of force, including deadly force.

48. The City, by and through LCPD failed to properly and adequately assess the need to detain, arrest, and use force, including deadly force against Decedent.

49. The involved LCPD officers were the negligent with their tactics and handling of the situation with Decedent, including pre-shooting negligence.

50. The involved LCPD officers were negligent in their detention, arrest, and use of force, including deadly force, against Decedent.

51. The involved LCPD officers were negligent in failing to provide and or summons prompt medical care to Decedent.

52. The City, by and through LCPD, has a duty to exercise reasonable care in protecting the safety and welfare of all citizens, including Decedent.

53. The City, by and through LCPD, has a duty to adequately train and supervise officers with regards to individuals trying to flee and or escape and then trying to surrender and with regards to recognizing unarmed individuals, including individuals attempting to surrender.

54. The City, by and through LCPD, negligently provided inadequate training and policies regarding use of force, including deadly force.

55. The City, by and through LCPD, negligently ignored the alarming rate at which its officers were suddenly utilizing excessive, and finally, deadly force against against individuals, including unarmed individuals and individuals who have attempted to flee or escape apprehension.

56. The City's negligence, by and through LCPD, proximately caused Decedent's wrongful death.

## COUNT III: VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE SEIZURE RESULTING IN WRONGFUL SHOOTING DEATH

57. Plaintiffs hereby incorporate paragraphs 1 through 56 of their Second Amended Complaint herein by reference.

58. The New Mexico Constitution guarantees its citizens the right to be free from unreasonable seizures. N.M. Const. art. II, § 10.

59. LCPD acted unreasonably and without justification when, through its law enforcement officers and employees, it sought to arrest at gun point and shoot with gunfire Juan Angel Pinedo in the back and killed him by then handcuffing him and watching him die while failing to render emergency medical care.

60. LCPD's violation of Juan Angel Pinedo's right to be free from unreasonable seizures and unjustified shooting was a direct and proximate cause of Juan Angel Pinedo's wrongful death and damages, including loss of the value of his life and the enjoyment of life, lost earnings and earnings capacity, and pain and suffering.

## COUNT IV: LOSS OF CONSORTIUM

61. Plaintiffs hereby incorporate paragraphs 1 through 60 of their Second Amended Complaint herein by reference.

62. A.A.P., a minor, is the natural daughter of Decedent.

63. Decedent's traumatic and violent death caused emotional distress to A.A.P. and the life-long loss of loss of love, society, guidance, counseling, companionship, comfort, support, care, and sustenance of Decedent, and other aspects of the father-daughter relationship and will continue to be so deprived for the remainder of her natural life.

64. A.A.P., a minor, entitled to loss of consortium damages as a result of Decedent's wrongful death.

### COUNT V: WRONGFUL DEATH CLAIM OF JUAN ANGEL PINEDO

65. Plaintiffs hereby incorporate paragraphs 1 through 64 of their Second Amended Complaint herein by reference.

66. Juan Angel Pinedo died as a direct and proximate result of the acts and/or omissions of Defendants City of Las Cruces, the Las Cruces Police Department and Officers McBride, Frias, Krause and Arbogast. Accordingly, the estate of Juan Angel Pinedo is entitled to an award of monetary and wrongful death damages including, but not limited to, the following:

    A. The reasonable expenses of necessary medical care and treatment, funeral and burial costs of Juan Angel Pinedo;

    B. The pain and suffering experienced by Juan Angel Pinedo from the moment of impact by the first bullet from Defendant's gun and the moment of death from injuries he sustained from gunshot wounds;

    C. The value of lost earnings, lost earning capacity and value of the lost household services of Juan Angel Pinedo, considering his age, earnings capacity, vocation, health habits and life expectancy;

    D. The value of Juan Angel Pinedo's life apart from his earnings capacity;

    E. The loss to the heirs and beneficiaries of Juan Angel Pinedo of other expected benefits having a monetary value and non-monetary value;

    F. The aggravating circumstances of carelessness and recklessness attendant to the wrongful act causing the wrongful death of Juan Angel Pinedo;

9

PLAINTIFFS' SECOND AMENDED COMPLAINT FOR VIOLATIONS
PURSUANT TO 42 U.S.C. § 1983 AND THE NEW MEXICO TORT
CLAIMS ACT, INCLUDING WRONGFUL DEATH

G. The loss of consortium and emotional distress to surviving family members, heirs and beneficiaries caused by the loss of society, guidance, companionship and family relations engage in and with Juan Angel Pinedo; and

H. Any other actual or special damages in an amount to be proved at trial and as allowed by law.

67. Plaintiff is further entitled to punitive and exemplary damages since Defendants' actions were malicious, oppressive, willful, wanton, reckless and/or grossly negligent, and accomplished with a conscious disregard for the rights of Juan Angel Pinedo, entitling Plaintiff to an award of exemplary and punitive damages in the maximum amount allowed by law.

## COUNT VI: UNREASONABLE SEARCH AND SEIZURE AND DUE PROCESS— EXCESSIVE FORCE (42 U.S.C. § 1983)

68. Plaintiffs hereby incorporate paragraphs 1 through 67 of their Second Amended Complaint herein by reference.

69. Defendants McBride, Frias, Krause, and Arbogast's unjustified shooting deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

70. The unreasonable use of force by McBride, Frias, Krause, and Arbogast deprived the Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

71. As a result, Decedent suffered extreme mental and physical pain and suffering, loss of enjoyment of life and eventually suffered a loss of life.  Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.  Plaintiff is also claiming funeral and burial expenses and a loss of financial support.

10

PLAINTIFFS' SECOND AMENDED COMPLAINT FOR VIOLATIONS PURSUANT TO 42 U.S.C. § 1983 AND THE NEW MEXICO TORT CLAIMS ACT, INCLUDING WRONGFUL DEATH

72. This use of deadly force was excessive and unreasonable under the circumstances, especially since at the time of the shooting Decedent was clearly attempting to surrender by putting his visibly empty hands in the air by his head and voluntarily going down to the ground, and he was not attempting to harm anyone, including any of the involved officers. Decedent did not in fact harm any law enforcement officers or anyone else. Further, He never fired any weapon during this incident and he was not reaching for any weapon at the time of the shooting. Defendants' actions thus deprived Decedent of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

73. The conduct of Defendants McBride, Frias, Krause, and Arbogast was willful, wanton, malicious, oppressive and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants McBride, Frias, Krause, and Arbogast.

74. Decedent's Fourth Amendment excessive force claim, under 42 U.S.C. § 1983, is being brought as a survival claim by Francisco Ruelas, as Personal Representative of the Estate of Juan Angel Pinedo, and seeks both survival and wrongful death damages for the violation of Decedent's rights.

75. Plaintiffs also seek attorney fees under this claim.

**COUNT VII: SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983)**

76. Plaintiffs hereby incorporate paragraphs 1 through 75 of their Second Amended Complaint herein by reference.

77. A.C. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her father, Decedent.

78. As a result of the excessive force by Defendant Officers McBride, Frias, Krause, and Arbogast, Decedent died.  Plaintiff A.A.P., a minor, was thereby deprived of her constitutional right of familial relationship with Decedent.

79. Defendant Officers McBride, Frias, Krause, and Arbogast, acting under color of state law, thus violated the Fourteenth Amendment rights of A.A.P., to be free from unwarranted interference with her familial relationship with Decedent.

80. The aforementioned actions of Officers McBride, Frias, Krause, and Arbogast, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent and Plaintiff A.A.P., a minor, with purpose to harm unrelated to any legitimate law enforcement objective.

81. Defendant Officers McBride, Frias, Krause, and Arbogast, were acting under color of state law, thus violated the Fourteenth Amendment rights of Decedent and Plaintiff A.A.P., a minor.

82. As a direct and proximate cause of the acts of Defendants McBride, Frias, Krause, and Arbogast, Plaintiff A.A.P., a minor, suffered extreme and severe mental anguish and pain and has been injured in mind and body.  Plaintiff A.A.P., a minor, has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life.  Plaintiff is also claiming funeral and burial expenses and a loss of financial support.

83. As a result of the conduct of Officers McBride, Frias, Krause, and Arbogast, they are liable for Decedent's injuries because they were integral participants in the denial of due process.

84. The conduct of Officers McBride, Frias, Krause, and Arbogast was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiff  and therefore warrants the imposition of exemplary and punitive damages as to Defendants Officers McBride, Frias, Krause, and Arbogast.

85.     Plaintiff A.A.P., a minor, brings this claim by and through Kimberly Heredia, as Parent and Next Friend of A.A.P., and seeks wrongful death damages for the violation of Plaintiff's rights.

86.     Plaintiff also seeks attorney fees under this claim.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Kimberly Heredia, as Parent and Next Friend of A.A.P., a minor child, and Francisco Ruelas, as Personal Representative of the Estate of Juan Angel Pinedo, Deceased, pray for the following relief:

A.      Past and Future medical expenses for Autumn Angelic Pinedo for treatment to deal with the severe emotional distress she has suffered as a result of the wrongful death of her father, Decedent;

B.      Award compensatory damages, including wrongful death damages, loss of earned income and loss of financial support in an amount to be determined at the trial of this matter;

C.      Punitive damages in in an amount to be determined at the trial of this matter;

D.      Survival damages, including loss enjoyment of life, and pain and suffering before death damages;

E.      Funeral and burial expenses;

F.      Pre-judgment and post-judgment interest, costs, and expenses in bringing this action;

G.      Attorney's fees, including statutory fees; and

H.      For such other and further relief that the court deems just and proper.

PLAINTIFFS' SECOND AMENDED COMPLAINT FOR VIOLATIONS PURSUANT TO 42 U.S.C. § 1983 AND THE NEW MEXICO TORT CLAIMS ACT, INCLUDING WRONGFUL DEATH

**JURY DEMAND**

Plaintiffs request a trial by jury.

Respectfully submitted,

**/s/ Eric Valenzuela**
Eric Valenzuela
Law Offices of Dale K. Galipo
21800 Burbank Blvd., Suite 310 Woodland Hills, CA 91367
t: 818.347.3333
evalenzuela@galipolaw.com


**/s/ Mark J. Caruso**
Mark J. Caruso
Caruso Law Offices, PC
 4302 Carlisle NE
 Albuquerque, NM  87107
505-883-5000
 mark@carusolaw.com


**/s/ Anthony Ramirez**
Anthony J. Ramirez, Esq.
Warnock, MacKinlay Law
7135 East Camelback Road, Suite F240
Scottsdale, AZ  85251
602-381-6669
aramirez@warnocklaw.com

*Attorneys for Plaintiffs*

14

PLAINTIFFS' SECOND AMENDED COMPLAINT FOR VIOLATIONS PURSUANT TO 42 U.S.C. § 1983 AND THE NEW MEXICO TORT CLAIMS ACT, INCLUDING WRONGFUL DEATH